```
                                                              U.S. COURTS
        10-0309-CV   REB        JUN 1 8 2010
                                    Rcvd___Filed___Time 5:05
                                    ELIZABETH A. SMITH
                                    CLERK, DISTRICT OF IDAHO
```

Plaintiffs:                                   Defendants:

Phyllis Reff, Parent on behalf                The Independent School District of Boise City
of my son, L..R, Pro se


I am appealing actions and decisions of Hearing Officer Ed Litteneker, who presided over my son's IDEA due process hearing identified as IN THE MATTER OF THE DUE PROCESS HEARING SDE No. H-10-04-29 STUDENT L.R. , Petitioner v.  SDE CASE H-10-04-29 MEMORANDUM OPINION AND ORDER INDEPENDENT SCHOOL DISTRICT OF BOISE CITY, NO.1, Respondent.


The following are our issues:


1. I appeal the Hearing Officer's decision to have the school attorney pick the witnesses for the hearing, and deny me my witnesses.

2. I appeal the lack of impartiality of the Hearing Officer.

3. I appeal the Hearing Officer's decision that the only thing that could be discussed, in the hearing, are the goals in the IEP, for determination of eligibility for Extended School Year.

4. I appeal the Hearing Officer's decision that the goals on the IEP are appropriate, because in the previous hearing the Hearing Officer ruled they were appropriate (Date of Order: February 23, 2010).

5. I appeal the Hearing Officer's decision to deny the Due Process Hearing on the issue of reimbursement for the Huntington Learning Center Diagnostic Evaluation.

6. I appeal the Hearing Officer's decision to exclude the Huntington Learning Center testing results.

7. I appeal the Hearing Officer's decision that the school district is correct in their policy to refuse to discuss Extended School Year at the annual meetings, and delay discussion of Extended School Year to the ending weeks of school.

8. I appeal the Hearing Officer's decision that I should have raised the issue/appealed, in the previous hearing, the use of a baseline (present level of performance), and regression and recoupment, when Extended School Year was not an issue of the previous hearing, due to school policy of not discussing Extended School Year at the annual IEP meeting.

9. I appeal the Hearing Officer's decision to prohibit me from reviewing baselines (present levels of performance), prior to reviewing regression and recoupment, which is required as one eligibility factor to obtain Extended School Year.

10. I appeal the Hearing Officer's decision to prohibit me from having the opportunity to show that the October 2009 IEP was not appropriate.

11. I appeal the Hearing Officer's decision that duration, amount, and type of services – for Extended School Year, are not part of this hearing (June 14, 2010)

12. I appeal the Hearing Officer's decision that self-sufficiency is not an issue in the current hearing (June 14, 2010).

13. I appeal the Hearing Officer's decision for refusing to allow work products of the student, to show his functional levels.

14. I appeal the Hearing Officer's decision for refusing to allow the parent to show work products, that I wanted to present, to show that other students/staff did his work.

15. I appeal the Hearing Officer's decision that my son's ability to do homework, was not relevant to Extended School Year.

16. I appeal the Hearing Officer's decision for denying me my hearing regarding Extended School Year, claiming that it was already addressed (i.e..neuropsychological evaluations) in the previous hearing, resulting in that Hearing Officer's decision. (February 23, 2010)

17. I appeal the Hearing Officer's decision not to review the IEP, or to allow me to present my case, on the appropriateness of the IEP, which is on appeal in Federal District Court.

18. I appeal the Hearing Officer's decision to dismiss my hearing, and for not allowing me to present my case.


Respectfully submitted,

*Phyllis Reff*

Phyllis Reff          June 18, 2010